**FILED**
**Apr 19, 2024**
**10:26 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Sherry M. Webber | ) | Docket Nos. 2022-01-0063 |
| | ) | 2022-01-0064 |
| v. | ) | |
| | ) | State File Nos. 47618-2019 |
| Steris Corporation, et al. | ) | 53206-2019 |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

---

### Affirmed and Certified as Final

---

In this appeal, the employee seeks to have two court-approved settlements set aside, contending, among other allegations, that medical documentation and other information had been concealed from her at the time of her settlement hearings, that her impairment ratings were too low, and that both the employer's insurer and her own attorneys had breached a "fiduciary duty" to her. The trial court concluded the employee failed to prove grounds for relief by clear and convincing evidence with respect to either settlement. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and certify it as final.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Sherry M. Webber, Chattanooga, Tennessee, employee-appellant, pro se

Stephen B. Morton, Nashville, Tennessee, for the employer-appellee, Steris Corporation

Robert R. Davies, Nashville, Tennessee, for the Subsequent Injury and Vocational Recovery Fund

**Memorandum Opinion**[1]

Sherry Webber ("Employee") suffered two separate work-related injuries while working for Steris Corporation ("Employer"). On June 5, 2019, she reported injuries to both shoulders caused by lifting heavy trays, resulting in left and right rotator cuff, biceps, and labral tears. These injuries were treated by Dr. Chad Smalley, who released Employee at maximum medical improvement on May 3, 2021, with a 5% permanent medical impairment. Employee entered into a settlement agreement which resolved her shoulder and upper extremity claims and resulted in a lump sum payment that included her original award plus increased benefits based on her age and work status.[2] The settlement also obligated Employer to provide reasonable and necessary future medical care directly related to the work injury as provided in Tennessee Code Annotated section 50-6-204. The settlement was approved by the trial court on June 30, 2022.

In addition, on July 16, 2019, Employee alleged injuries to her right hip and foot, as well as her neck and back, when she slipped on some water and fell while working for Employer. Employer provided medical treatment with Dr. Jesse Doty, Dr. John Alex Sielatycki, and Dr. Benji Miller, all of whom released Employee at maximum medical improvement and assigned permanent medical impairment ratings. With respect to these claims, the parties entered into a settlement agreement based on a combined permanent medical impairment of 10% for the injuries she sustained on July 16, 2019. At the time of this settlement, Employee's initial compensation period had not expired. As a result, the parties agreed to compromise all claims and potential claims for a lump sum payment in addition to Employee's original award. Employer also agreed to provide all reasonable and necessary future medical care directly related to the work injuries as provided in Tennessee Code Annotated section 50-6-204. This settlement was also approved by the trial court on June 30, 2022.

Almost a year later, on May 11, 2023, Employee filed a petition for benefit determination but did not complete the portion asking her to "[i]dentify the problem . . . with the workers' compensation claim." She then filed two more petitions for benefit determination on May 23, 2023, one for each date of injury. In regard to the June 2019 injury, Employee indicated she did not have "long term medical provisions" for her left shoulder under the settlement agreement, and that she also would "like to contest the impairment rating." Relative to the July 2019 injury, Employee alleged that Dr. Sielatycki was "negligent in reporting full medical disclosure," that Dr. Miller

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2023).

[2] Employee was represented by counsel in both settlements, which were approved simultaneously on June 30, 2022. Employee is no longer represented by counsel and is proceeding pro se.

"refused to disclose actual ICD-10 medical diagnostic code," and that Dr. Doty stated he would testify against her if he "had to go to court," which in Employee's view is a "[b]reach of medical ethics and standards."[3]

Following the filing of a Dispute Certification Notice in each case on August 15, 2023, the trial court issued an order in each matter directing Employee to file any motions to set aside pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure by November 6, 2023. Employee filed two such motions, although both filings contained the state file and docket numbers for both injuries. In the motions, she stated, "I am submitting concrete medical evidence documentation with this plea that supports my claim to reexamine my injury case." She indicated that she suffered additional injuries during the shoulder surgery performed by Dr. Smalley and that both her prior attorney and Employer's insurance carrier breached a fiduciary duty regarding the medical documentation and "disclosure of injuries." Employee attached various uncertified medical records from Dr. Smalley as well as a radiology report. She also attached a letter to the trial court and one to her former counsel accusing Drs. Miller and Sielatycki of breaching "medical ethics." Finally, there were additional filings averring Employer's carrier had concealed information and made decisions compromising Employee's health. Employer responded, arguing that a party seeking relief pursuant to Rule 60.02 bears the burden of proving entitlement to the relief by clear and convincing evidence and that there was no evidence Employer had engaged in fraud, misrepresentation, or misconduct despite Employee's allegations against her physicians and attorney. The trial court agreed with Employer and denied both motions to set aside. Employee has appealed.[4]

On appeal, Employee asserts she can prove she is entitled to relief from the prior settlements "by contradiction" and by submitting her MRI and "'BROADSPIRE' [sic] OWN TREATING PHYSICIANS CLINICAL DOCUMENTATIONS THAT SUBSTANTIATE AND PROVIDE EVIDENTIARY MEDICAL PROOF WITH DOCUMENTED FACTS." (Capitalization in original.) In response, Employer contends that despite Employee's sincerely held belief that her settlements were unfair, she has provided no evidence supporting her claims for relief from the settlements under Rule 60.02. We agree.

Rule 60.02 of the Tennessee Rules of Civil Procedure provides, in part:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable

---

[3] Employee made numerous other allegations in various filings, including claims of perjury, breach of fiduciary duties, "questionable medical practices," "lack of medical ethics," discrimination, "medical cover-up," and "lack of morals and character."

[4] The matters were consolidated on appeal.

neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released, or discharged, or a prior judgement upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

We have previously noted the Tennessee Supreme Court's statement that relief under Rule 60.02 is "rare and disfavored" and is "an exceptional remedy." *Johnson v. Pilgrim's Pride, Inc.*, No. 2015-01-0273, 2016 TN Wrk. Comp. App. Bd. LEXIS 20, at *10 (Tenn. Workers' Comp. App. Bd. Apr. 27, 2016) (quoting *Furlough v. Spherion Atl. Workforce, LLC*, 397 S.W.3d 114, 127 (Tenn. 2013)). In addition, an employee seeking to set aside an order approving a workers' compensation settlement in accordance with Rule 60.02 must present clear and convincing evidence supporting a proper basis to set aside the judgment. *Baugus v. Tennessee Farmers Mutual Ins. Co.*, No. 2022-05-409, 2023 TN Wrk. Comp. App. Bd. LEXIS 32, at *6 (Tenn. Workers' Comp. App. Bd. July 18, 2023). On appeal, the trial court's decision to grant or deny such a motion will be upheld absent an abuse of discretion. *Henderson v. SAIA, Inc.*, 318 S.W.3d 328 (Tenn. 2010). A trial court abuses its discretion when it applies an incorrect legal standard, reaches an illogical or unreasonable decision, or bases its decision on a clearly erroneous assessment of the evidence, resulting in an injustice to the complaining party. *See, e.g.*, *State v. Ostein*, 293 S.W.3d 519, 526 (Tenn. 2009).

Here, Employee was represented by counsel when she agreed to two settlements with Employer. She signed both settlement agreements. She was questioned by the court regarding her understanding of the terms of each settlement, and she asked the court to approve the settlements. Both agreements obligate Employer to provide reasonable and necessary future medical treatment directly related to her work injuries, and Employee has presented no evidence that Employer has breached any term of the settlement agreements. She has provided no evidence of any misrepresentation or fraud on the part of Employer, or any other proof establishing she is entitled to relief from the judgments. Indeed, most of Employee's allegations pertain to her medical providers in both claims and her own interpretation of the medical records rather than any purported actions of Employer. In short, Employee has not submitted clear and convincing evidence of any of the conditions set out in Rule 60.02 that would justify granting her motions to set aside the settlements.

Accordingly, we affirm the orders of the trial court and certify them as final. Costs on appeal have been waived.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Sherry M. Webber | ) | Docket Nos. 2022-01-0063 |
| | ) | 2022-01-0064 |
| v. | ) | |
| | ) | State File Nos. 47618-2019 |
| Steris Corporation, et al. | ) | 53206-2019 |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 19th day of April, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Sherry M. Webber | | | | X | czsherry@gmail.com |
| Stephen B. Morton | | | | X | stephen.morton@mgclaw.com amber.dennis@mgclaw.com |
| Robert R. Davies | | | | X | robert.davies@tn.gov |
| Thomas L. Wyatt, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov